**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **RUSSELL E. APPENZELLER,** ) | **CASE NO. 1: 18 CV 590** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | <u>**OPINION AND ORDER**</u> |
| **MICHELLE MILLER** *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

<u>**CHRISTOPHER A. BOYKO, J.:**</u>

**Background**

 *Pro se* Plaintiff Russell E. Appenzeller is a state prisoner in the custody of the Ohio Department of Rehabilitation and Correction (ODRC) incarcerated in the Belmont Correctional Institution (BCI) in St. Clairsville, Ohio. He has filed an *In Forma Pauperis* Complaint in this action against BCI and various ODRC and BCI officials and employees, contending he is wrongfully incarcerated on 2006 convictions imposed on him in Lake

County, Ohio. (Doc. No. 6.) Although the Website for the ODRC indicates the Plaintiff was convicted of Six Counts of Burglary, Two Counts of Attempted Burglary and Two Counts of Theft in Lake County, the Plaintiff contends in his Complaint that there was never any arrest, indictment or prosecution by the State of Ohio against him in Lake County and he seeks to be immediately released from prison and damages against the Defendants for holding him on Lake County convictions. (*See* Doc. No. 6 at 7, 8, 10.)

**Standard or Review**

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Federal District Courts are required under 28 U.S.C. §§ 1915(e) and 1915A to screen all *in forma pauperis* actions and actions in which prisoners seek redress from governmental entities, officials and employees, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to state a claim on which relief may be granted, a plaintiff's complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471 (holding that the dismissal standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), govern dismissals for failure to state a claim under 28 U.S.C. §§ 1915(e) and 1915A).

**Analysis**

The Court finds that the Plaintiff's Complaint must be summarily dismissed pursuant

to §§ 1915(e) and 1915A.

First, to the extent the Plaintiff is seeking immediate release from prison, he is precluded from seeking such relief through a civil rights complaint under the Supreme Court's decision in *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The Supreme Court held in *Preiser*: "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*. at 500. A prisoner may not use a civil rights action as an alternative to a petition for a writ of habeas corpus to challenge the legality of his confinement. *Id*. at 489-490.

Second, to the extent the Plaintiff seeks money damages arising from his allegedly unlawful imprisonment, his action is barred the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477 (1994). *Heck* held that a plaintiff may not pursue a damages claim under 42 U.S.C. § 1983 arising out of an allegedly unlawful conviction or sentence unless and until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal or called into question by a federal court's issuance of a writ of habeas corpus. (*Id.* at 486-87.) Until such time, a federal cause of action is not cognizable. Nothing in the Plaintiff's Complaint suggests that the Lake County criminal convictions of which he complains have been called into question, or invalidated in any of the ways articulated in *Heck*. In fact, his Lake County convictions and the twenty-eight sentence imposed on him by the Lake Country trial court, have been upheld. *See, e.g., State v. Appenzeller*, 2009 -Ohio- 6384, ¶ 1, 2009 WL 4547768 (Ohio App. 11 Dist., 2009); *State v. Appenzeller*, 2008 -Ohio- 7005, ¶ 124, 2008 WL 5451425, (Ohio App. 11 Dist., 2008)

(upholding Lake County convictions and sentence); *Appenzeller v. Miller*, No. 1: 10 CV 13, 2011 WL 1256697, at *5 (N.D. Ohio March 13, 2011) (dismissing Petition for a Writ of Habeas Corpus). Accordingly, the Plaintiff has stated no cognizable damages claim arising from any alleged unlawful conviction or sentence imposed on him in Lake County.

## Conclusion

For the reasons stated above, the Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**


                                        **s/ Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated:** June 27, 2018